# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1497V
Filed: December 20, 2018
UNPUBLISHED

| | |
|---|---|
| DONNA MAE CONELEY,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Shealene Priscilla Wasserman*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On November 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") that was caused-in-fact by her receipt of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on August 6, 2015. Petition at 1. On June 6, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 44.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 28, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 49. Petitioner requests attorneys' fees in the amount of $22,324.00 and attorneys' costs in the amount of $800.57. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $23,124.57.

On December 12, 2018, respondent filed a response to petitioner's motion. ECF No. 50. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

 **I.**     **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,
2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the requested hourly rates are reasonable, with the following exception. Due to attorney C. Clark Hodgson, III's inexperience in the Vaccine Program, the undersigned does find cause to reduce his hourly rate from the requested $225 an hour to $200 an hour. Therefore, attorneys' fees are reduced by **$100.00.**

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 4.8 hours was billed by paralegals on tasks considered administrative including, reviewing of receipts, processing invoices, scanning and mailing documents. Examples of these entries include:

- April 25, 2017 (0.10 hrs) "Review of receipt from Court"
- June 13, 2017 (0.30 hrs) "Review and process invoice – Regional Medical Clinic"
- July 18, 2017 (0.30 hrs) "Scanned Records to File – Queen City Medical Center"
- May 30, 2018 (0.30 hrs) "Sent regular mail to DOJ re: Stip"
- October 25, 2018 (0.30 hrs) "Sent via fedex re" Settlement Check"

ECF NO 49 at 7, 9, 11 and 17.

Therefore the undersigned reduces the request for attorneys' fees by **$600.00**[3], the total amount of the entries considered administrative.

---

[3] This amount consists of 4.80 hrs x $125 per hour = $600.00.

### C. Duplicated Entries

In reviewing the billing records it appears that several line entries are duplicated causing duplicated billing. On May 22, 2017, there are three line entries for 0.70 hours each that read "Updated Records Request Sent." ECF No. 49 at 7. On May 30, 2018, there are two line entries for 0.20 hours each, that read "Direct paralegal activity re: stipulation." *Id.* at 17. The undersigned reduces the request for attorneys' fees by **$221.60[4]**, the amount of the duplicated entries.

## III. Attorney Costs

Petitioner requests reimbursement for costs incurred in the amount of $800.57. ECF No. 49 at 2. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,202.97[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Shealene Priscilla Wasserman.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[4] This amount consists of reducing 2 entries at 0.70 each at $125.00 per hour and one entries at 0.20 hour at $233.00 per hour. (1.40 hrs x $125 = $175) + (0.20 hrs x $233 = $46.60) = $221.60.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.